———————————

No. 95-4048

———————————

United States of America,  *
                           *
       Appellee,           *
                           *  Appeal from the United States
    v.                     *  District Court for the
                           *  District of Nebraska.
Winston Thomas, formerly known  *
as Michael S. Diaz,        *
                           *
       Appellant.          *

———————————

        Submitted:  April 8, 1996

          Filed:  May 10, 1996
———————————

Before MAGILL, HENLEY, and LOKEN, Circuit Judges.

———————————

MAGILL, Circuit Judge.


     Winston Thomas appeals the district court's determination that evidence seized from a passenger in his car could be used against him at trial.  Because Thomas voluntarily consented to the search, we affirm.


                              I.


     On December 10, 1993, driver Thomas, passenger Galinda Edwards, and a backseat passenger were traveling on Interstate 80 in Nebraska in a rental car driven by Thomas when officer James Brady of the Nebraska State Patrol pulled them over for speeding.  After inspecting Thomas's license and car rental agreement, Brady issued Thomas a speeding citation.

During the stop, officer Brady noticed that there was a 2700- mile difference between the car's checkout mileage and the present mileage on the odometer. Because Thomas was only 400 miles from Denver, where he rented the car, Brady became suspicious that Thomas was transporting drugs. Brady requested that Thomas accompany him back to the police car. Once there, Brady asked Thomas if he could search the car. He provided Thomas with a consent-to-search form. At this point, Officer Brady cautioned Thomas that he need not consent to the search. Thomas nevertheless reviewed and signed the consent form.

After searching the car, officer Brady performed a pat down of the two passengers. Neither possessed any weapons, but a search of Edwards revealed that she was carrying brown paper bags containing cocaine. At this point, all three passengers were placed under arrest and the car was impounded.

Thomas was charged with possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Prior to trial, Thomas moved to suppress any evidence seized from his vehicle and from the person of Edwards on the grounds that officer Brady lacked an articulable and reasonable suspicion to justify the detention of Thomas following the identification procedure, vitiating the consent to search.

The magistrate judge recommended suppression of any evidence seized from the vehicle or from Thomas's person. However, the magistrate judge concluded that Thomas lacked standing to challenge the search of Edwards, and thus he recommended that the cocaine seized from Edwards should be admitted at trial.

The district court adopted the recommendation. Thomas then conditionally pled guilty to the indictment, reserving the right to appeal the partial denial of his suppression motion. He was sentenced to 324 months imprisonment. Thomas appeals.

**II.**

We assume without deciding that Thomas would have standing to challenge the evidence seized from Edwards as fruits of his illegal detention. However, the evidence may still be admissible if Thomas voluntarily consented to the search.

The district court determined that Thomas's consent to search was involuntary. Because this conclusion was based solely on the fact that the consent followed an illegal detention, and because the district court did not take into account subsequent events that demonstrate that the consent was freely given, we conclude that the district court's finding is clearly erroneous. See United States v. White, 42 F.3d 457, 459 (8th Cir. 1994) (standard of review).

The present case is controlled by this Court's opinion in United States v. Ramos, 42 F.3d 1160 (8th Cir. 1994), cert. denied, 115 S. Ct. 2015 (1995). In Ramos, following an illegal detention, the defendant consented to a search of his car. Before consenting, Ramos was specifically made aware of his right to refuse to consent. Based on these facts, the panel concluded that the voluntary consent rendered the evidence seized admissible. Id. at 1164.

The Ramos court noted that the fact of an illegal detention is only the start, and not the end, of the Fourth Amendment analysis. Even given the illegal detention, a court must still decide if the consent was nevertheless "sufficiently an act of free will to purge the primary taint." Id. (quoting Wong Sun v. United States, 371 U.S. 471, 486 (1963)). The court went on to conclude that the consent given was "sufficiently an act of free will":

> The officer told [the defendant], both orally and in writing, that he did not have to sign the consent form. Such a warning is not required by law, Schneckloth v. Bustamonte, 412 U.S. 218 (1973), and so the fact that the

-3-

officer gave it indicates rather strongly to us that he was not attempting to exploit an illegal situation.  The arrest and consent were close in time, and there were no intervening circumstances, but the officer's conduct was in good faith, and the violation of Terry was not flagrant.  What happened here, really, went beyond voluntary consent.  It was an affirmative waiver of [the defendant's] Fourth Amendment right to prevent a search of his vehicle.

Id.

In the present case, Thomas was specifically made aware of his right to refuse consent.  As in Ramos, this "indicates rather strongly to us that [the officer] was not attempting to exploit an illegal situation."  Id. Further, the officer in this case had some suspicion that criminal activity was afoot, and the violation of Terry was not flagrant.  Based on these two factors, we hold that "signing the consent form was sufficiently an act of free will [by Thomas] to purge the taint of the preceding illegal detention."  Id.  Therefore, the consent was voluntary and the evidence discovered during the search was admissible.

### III.

Thomas voluntarily consented to the search, rendering admissible the evidence seized from the person of Edwards.  Accordingly, we affirm the decision of the district court on alternate grounds.

A true copy.

Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.