**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3641
_____

United States of America,     *
                                               *

    Plaintiff - Appellee,    *
                                             *  Appeal from the United States
    v.                      *  District Court for the
                                           *  Eastern District of Missouri.
Charles E. McGill,        *
                                             *

    Defendant - Appellant.   *

_____

Submitted:  April 18, 1997
Filed:  September 15, 1997
_____

Before LOKEN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

LOKEN, Circuit Judge.

After the district court[1] denied his motion to suppress, Charles E. McGill entered a conditional plea of guilty to being a felon in possession of a firearm.  See 18 U.S.C.  § 922(g)(1).  McGill now raises suppression issues on appeal, based upon his contention that a police officer searched his vehicle in a manner contrary to New York v. Class, 475 U.S. 106 (1986). We affirm.

_____

[1]The HONORABLE STEPHEN N. LIMBAUGH, United States District Judge for the Eastern District of Missouri.

After McGill's truck rear-ended another vehicle on a public street in East Prairie, Missouri, police officer Timothy Parker was summoned to investigate. The district court found that:

> In the course of his investigation, Parker sought to obtain the vehicle identification numbers (VIN) of the vehicles. To obtain the VIN of McGill's truck, Officer Parker put only his head inside the open driver's window while standing outside the vehicle with McGill standing next to him. The VIN was visible and legible to a person reading it by standing outside the vehicle and looking through the front windshield.
>
> When his head was thus inside the truck, Officer Parker smelled marijuana. He told McGill that he smelled the odor of marijuana in the vehicle and asked him, "Can I have permission to search your vehicle?" McGill answered in the affirmative.

Parker then searched the cab of the truck, finding marijuana cigarettes in the ashtray and baggies of marijuana behind a loose dashboard panel plate. After arresting McGill, Parker conducted a further criminal investigative search of the truck at the police station and found the firearm. Police subsequently conducted a routine inventory search of the impounded truck.

After a suppression hearing, the magistrate judge ruled that Officer Parker violated McGill's Fourth Amendment rights as defined in Class when he put his head in the window of McGill's truck, rather than reading the VIN from outside the truck. However, the magistrate judge recommended not suppressing the firearm because it would inevitably have been found during the inventory search. In denying McGill's motion to suppress, the district court did not reach this issue. Rather, it upheld McGill's arrest and the subsequent truck searches on the ground that marijuana was inevitably discoverable at the accident scene because Parker would eventually have smelled marijuana fumes coming out the open window or by opening the vehicle's door

to search for the VIN inside the door jamb, a procedure the Supreme Court approved, at least for older model cars, in Class, 475 U.S. at 118.

In Class, a police officer searching for a vehicle's VIN during a routine traffic stop opened the vehicle door, reached into the interior to move papers obscuring the area of the dashboard where the VIN is located, and observed a firearm protruding from under the driver's seat. In upholding seizure of the firearm, the Supreme Court cautioned:

> We note that our holding today does not authorize police officers to enter a vehicle to obtain a dashboard-mounted VIN when the VIN is visible from outside the automobile. If the VIN is in the plain view of someone outside the vehicle, there is no justification for governmental intrusion into the passenger compartment to see it.

475 U.S. at 119. Relying on this passage in Class, McGill argues that Officer Parker violated the Fourth Amendment when he put his head inside the cab of a late-model truck whose VIN was observable from outside the vehicle, and that the district court's finding that the fumes were otherwise inevitably discoverable is clearly erroneous. Therefore, the initial search was invalid, and the firearm must be suppressed as the fruit of that unlawful search under Wong Sung v. United States, 371 U.S. 471 (1963).

Assuming without deciding that McGill's Fourth Amendment rights were violated when Officer Parker put his head through the truck's open window, we conclude that the subsequent search of the truck was validated by McGill's voluntary consent to search. Even if consent is the result, in a "but for" sense, of a Fourth Amendment violation, the consent will validate a subsequent search if the consent is "sufficiently an act of free will to purge the primary taint." United States v. Ramos, 42 F.3d 1160, 1164 (8th Cir. 1994) (quoting Wong Sun, 371 U.S. at 486), cert. denied, 115 S. Ct. 2015 (1995); accord United States v. Thomas, 83 F.3d 259 (8th Cir. 1996).

That question turns on whether McGill understood his right to withhold consent, the temporal proximity of his consent and the prior Fourth Amendment violation, the presence of intervening circumstances, "and, particularly, the purpose and flagrancy of the official misconduct." Brown v. Illinois, 422 U.S. 590, 604 (1975).

Here, as in Ramos and Thomas, the request for consent followed immediately upon the assumed Fourth Amendment violation, without relevant intervening circumstances. But here, as in those cases, it is apparent that McGill understood his right to withhold consent. At the suppression hearing, McGill testified that he did not consent to the search at all, but instead told Officer Parker that "in most cases before you get in someone's private property and start filtering around you need a Search Warrant." The district court credited Officer Parker's description of the encounter and found that McGill did in fact consent. On appeal, McGill does not contend that his consent was coerced or that he did not understand his right to withhold it.

Turning to the most critical factor -- the nature of Officer Parker's Fourth Amendment violation -- we note that Officer Parker was investigating a traffic accident in which McGill was apparently at fault. Ascertaining the vehicle's VIN number and determining whether McGill's driving had been impaired by drugs or alcohol were highly relevant to that investigation. Thus, even if Parker had not smelled marijuana fumes, he could quite properly have asked McGill for permission to search the cab of the truck. See Cady v. Dombrowski, 413 U.S. 433, 441-42 (1973). In these circumstances, McGill's voluntary consent was "sufficiently an act of free will," even if Parker's motive in requesting consent was supplied by an unlawful prior search. Accord United States v. Liss, 103 F.3d 617, 621-22 (7th Cir. 1997); United States v. Sheppard, 901 F.2d 1230 (5th Cir. 1990); cf. Whren v. United States, 116 S. Ct. 1769 (1996).

For the foregoing reasons, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.