United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 98-1318
_____

United States of America,        *
                                 *
            Appellant,           *
                                 *
      v.                         *    Appeal from the United States
                                 *    District Court for the District
Willie Roy Washington,           *    of Nebraska.
                                 *
            Appellee.            *

_____

Submitted:  May 11, 1998

Filed:  May 29, 1998

_____

Before McMILLIAN, ROSS, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The United States appeals from an order suppressing certain evidence that the district court held was procured in violation of the Fourth Amendment.  We reverse.

I.

Last summer, a Greyhound bus stopped at the Omaha, Nebraska, bus station for cleaning and refueling, and all its passengers disembarked.  Richard Lutter, an investigator for the Nebraska State Police, then entered the bus and visually inspected the luggage located in the overhead compartments.  Mr. Lutter, noticing a black bag

that still had manufacturer's tags on it, physically manipulated it, lifted it, and felt along its bottom. He testified that he could feel bundles "that were consistent with narcotics packaging." Mr. Lutter then left the bus and told other officers that he had located a suspicious bag.

When the passengers returned to the bus, the officers observed Willie Roy Washington place a piece of white paper in the bag. Shortly thereafter, Mr. Lutter observed Mr. Washington approach the bag, remove it from the overhead rack, place it on the seat next to him, and return it to the rack. Mr. Lutter and another officer then boarded the bus and asked the passengers collectively if any of them claimed ownership of the bag. When no one responded affirmatively, the officers asked each passenger individually whether he or she claimed ownership of the bag, and they all (including Mr. Washington) expressly denied ownership. (In fact, Mr. Washington identified a green bag as his, rather than the black bag about which the officers were inquiring.)

After all the passengers had denied ownership of the bag, the officers removed it from the bus and requested that Mr. Washington talk with them outside. After identifying themselves and their purpose, the officers again asked Mr. Washington if the black bag belonged to him, and he yet again denied that it did. The officers subsequently searched the bag and discovered more than seventeen pounds of cocaine in it. Although the bag itself contained nothing to indicate that Mr. Washington was the owner, the officers arrested him for possession of cocaine.

Mr. Washington moved to suppress evidence of the cocaine on the ground that the officers had obtained it in violation of the Fourth Amendment. After an evidentiary hearing, a magistrate judge recommended that Mr. Washington's motion to suppress be denied. The district court disagreed and granted the motion, holding that Mr. Washington had an objectively reasonable expectation that another person would not purposefully manipulate the exterior of a bag located in an overhead storage area

on a bus.  On motion for reconsideration, the district court held that Mr. Washington's denials of ownership would not have occurred but for an illegal search and that the court's initial decision to suppress the evidence was therefore correct.

## II.

We certainly entertain grave doubts about the constitutional propriety of the officer's initial manipulation of Mr. Washington's bag.  We are of the view, however, that the search of the interior of his bag did not violate Mr. Washington's Fourth Amendment rights because he voluntarily abandoned it prior to that search.  When a person voluntarily abandons property, he or she forfeits any expectation of privacy that he or she might otherwise have had in it.  *United States v. Sanders*, 130 F.3d 1316, 1317-18 (8th Cir. 1997).

It is true, as the district court intimated, that if an illegal search taints a subsequent act of abandonment, evidence acquired after the abandonment ought to be suppressed as the "fruit" of the unlawful search.  *See Wong Sun v. United States*, 371 U.S. 471, 484-88 (1963).  But we believe that our previous cases involving consent following an illegal search or detention are instructive on the question of whether Mr. Washington's disclaimer of ownership was tainted in the constitutional sense and require that the evidence not be suppressed in the circumstances of this case.  Our basic inquiry in those kinds of cases has been whether the consent was a voluntary act of will that independently legitimated the subsequent search.

In *United States v. McGill*, 125 F.3d 642, 643 (8th Cir. 1997), *cert. denied*, 118 S. Ct. 1108 (1998), a police officer investigating a traffic accident put his head inside a car, ostensibly to obtain an identification number that could easily have been read from the outside.  While his head was inside the vehicle, the officer smelled the odor of marijuana and asked for permission to search the vehicle.  The defendant acceded to the request.  We held that although the officer's intrusion into the vehicle violated the Fourth Amendment, the defendant's permission was "sufficiently an act of free will to

purge the primary taint." *Id*. at 644, quoting *Wong Sun*, 371 U.S. at 486. We thought it important that even if the officer had not noticed the marijuana fumes, he could have asked to search the vehicle. *See McGill*, 125 F.3d at 644-45.

Similarly, in *United States v. Thomas*, 83 F.3d 259, 260 (8th Cir. 1996), an officer had detained a motorist for a longer period of time than the Fourth Amendment allowed. Following the illegal detention, the officer asked the motorist for permission to search his vehicle, informed him that he was not required to consent, and provided him with a consent form, which he signed. We held that the consent was sufficiently an act of free will to render the search valid. *See id.* at 260-61.

The officers here, like the officers in *Thomas*, advised the defendant that he was free to leave if he wished to. Mr. Washington, like the defendant in *McGill*, made a voluntary decision of his own free will: He had not been informed that he was a target, nor did the officers seize him prior to his first denial of ownership of the bag. We believe that Mr. Washington's voluntary abandonment of the black bag makes him ineligible to complain about the officers' search. We therefore need not decide whether the manipulation of the exterior of his bag was unconstitutional, because, even if it was, the officers obtained the evidence consistent with the Fourth Amendment in the event.

### III.

We therefore reverse the order of the district court and remand the case for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-