# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1403

_____

United States of America,      *
               *
      Appellee,     *
               *
   v.         *  Appeal from the United States
               *  District Court for the Southern
Martin Palacios-Suarez, Also Known *  District of Iowa.
as Martin Palacios,      *
               *
      Appellant.   *

_____

Submitted: May 12, 1998

Filed: June 24, 1998

_____

Before McMILLIAN, ROSS, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

  Sergeant C. Thompson of the Nebraska State Patrol stopped a car near Omaha, Nebraska, because he believed that the car's tinted windows violated Nebraska law. Sgt. Thompson asked the driver, Martin Palacios-Suarez, for his license and registration. Mr. Palacios produced a New Mexico driver's license and a Texas registration for the car.

Sgt. Thompson directed Mr. Palacios to wait in the passenger seat of the patrol car while he ran a computer check on Mr. Palacios's license and criminal history. Sgt. Thompson then asked Mr. Palacios about his occupation and the nature of his trip; Mr. Palacios responded that he was a landscaper and that he and his family were on their way to visit relatives in Perry, Iowa. Sgt. Thompson testified that he thought it odd that someone would take such a long drive for a short, two- or three-day stay, especially a landscaper at the height of the summer landscaping season. Sgt. Thompson also testified that Mr. Palacios was extremely nervous and did not make eye contact during the questioning.

Based on his suspicion, Sgt. Thompson radioed for a canine unit. Shortly thereafter (approximately nine minutes after the initial stop), Omaha Police Officer Matthew Lippold arrived with a drug-sniffing dog. Sgt. Thompson asked Mr. Palacios several times for his consent to search the vehicle, and Mr. Palacios gave it. The dog soon alerted officers to the presence of drugs behind the driver's-side door, where the officers located approximately ten kilograms of cocaine and one pound of amphetamine. The officers then arrested Mr. Palacios and his wife.

Mr. Palacios was indicted for conspiring to distribute cocaine and amphetamine. *See* 21 U.S.C. § 841(a)(1), § 846. The district court denied a motion to suppress the drugs. After entering a conditional guilty plea under Fed. R. Crim. P. 11(a)(2), Mr. Palacios appealed. We affirm the judgment of the district court.[1]

## I.

Mr. Palacios argues, first, that the initial stop was illegal since the Nebraska law that prohibits tinted windows applies only to vehicles that are, or are required to be, registered in the state. Sgt. Thompson believed, incorrectly, that the law applied to

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

Mr. Palacios's vehicle and therefore, Mr. Palacios asserts, Sgt. Thompson had no objectively valid reason to stop the car in the first place. Mr. Palacios asks us to conclude that the district court should have suppressed the fruits of the subsequent search because the initial stop was illegal.

As the district court recognized, even if the initial stop of Mr. Palacios's vehicle violated the Fourth Amendment, any evidence discovered in it thereafter is nevertheless admissible if Mr. Palacios's consent to the search was " 'sufficiently an act of free will to purge the primary taint.' " *United States v. Ramos*, 42 F.3d 1160, 1164 (8th Cir. 1994), *cert. denied*, 514 U.S. 1134 (1995), quoting *Wong Sun v. United States*, 371 U.S. 471, 486 (1963). To determine whether Mr. Palacios's consent was voluntary, we examine the totality of the circumstances under which it was given. *See United States v. Washington*, 957 F.2d 559, 562 (8th Cir. 1992), *cert. denied*, 506 U.S. 883 (1992).

We believe that the circumstances surrounding Mr. Palacios's consent raise no inference that it was in any way coerced. To persuade us that his consent was not an act of free will, Mr. Palacios refers us to *Florida v. Royer*, 460 U.S. 491, 500, 506 (1983) (plurality opinion), *see also id.* at 509 (opinion of Brennan, J.), which held that a long detention by the police negates any inference that a consent was voluntary. That case, however, is inapposite.

In *Royer*, two plainclothes detectives believed that a suspect was carrying narcotics in his duffel bag when he checked in for a flight. The agents confronted the suspect and took his airline ticket and identification. They then asked him to follow them into a small room away from the passenger concourse, where they interrogated him and where he ultimately consented to the search of his bags. The Supreme Court said that, for all practical purposes, Mr. Royer was under arrest. At the time that he gave his consent, therefore, the Court concluded, "any consensual aspects of the encounter had evaporated." *Id.* at 503 (plurality opinion).

Here, the questioning and subsequent arrest of Mr. Palacios were captured on video tape. After reviewing that tape (and the rest of the record), it is clear to us that the district court did not err in holding that Mr. Palacios's consent was an act of free will. After asking to see his license and registration, and asking a number of additional questions, Sgt. Thompson, as we have said, became suspicious of Mr. Palacios's behavior and called for a canine unit. When the canine unit arrived, just nine minutes after the initial stop, Sgt. Thompson asked Mr. Palacios four separate times if he and Officer Lippold could search the vehicle and three times stopped to make sure that Mr. Palacios understood what he was asking of him. Sgt. Thompson, of course, was under no obligation to inform Mr. Palacios that he did not have to consent to a search, *see Schneckloth v. Bustamonte,* 412 U.S. 218, 231 (1973), and Sgt. Thompson did not do so. But he did go beyond what was required in another respect, by explaining to Mr. Palacios that he would be searching for narcotics and for weapons.

Because Mr. Palacios consented knowingly and voluntarily to the search, the district court was correct in refusing to suppress the evidence that the search turned up.

## II.

Mr. Palacios also asks us to find error in the fact that the district court fixed his sentence based on the amount of cocaine and amphetamine that the search of his car revealed. Mr. Palacios argues that he should have been sentenced according to his alleged belief that he was carrying only marijuana. The application of the federal sentencing guidelines to the relevant facts is an issue of law, and we review it *de novo. See United States v. Lopez,* 125 F.3d 597, 599 (8th Cir. 1997).

Under U.S.S.G. § 1B1.3(a)(1)(A), a district court determines relevant conduct for sentencing based on "all acts or omissions committed ... by the defendant." Mr. Palacios is therefore "accountable at sentencing for the full quantity of all illegal drugs" in his possession. *United States v. Strange*, 102 F.3d 356, 361 (8th Cir. 1996).

-4-

Mr. Palacios maintains that it was not foreseeable to him that the person for whom he was delivering drugs would have had him carry cocaine instead of marijuana, but reasonable foreseeability is relevant in sentencing determinations only with respect to the conduct of those with whom a defendant has conspired or jointly acted. *See id.* at 360; *see also* U.S.S.G. § 1B1.3(a)(1)(B). Although Mr. Palacios pleaded guilty to a drug conspiracy, his sentence was based on the drugs in his car at the time that he was stopped and not on drugs in the possession of a co-conspirator. We therefore find no error in the sentence that the district court imposed.

## III.

For the reasons indicated, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.