# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1721

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Willie Roy Washington, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 18, 1999

Filed:  November 30,  1999

_____

Before  McMILLIAN,  HANSEN,  and  MORRIS  SHEPPARD  ARNOLD,  Circuit
Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

After the trial court[1] granted Willie Roy Washington's motion to suppress more than 17 pounds of cocaine seized from a bag, we reversed the suppression order and remanded the case for trial.  See United States v. Washington, 146 F.3d 536 (8th Cir. 1998).  A jury then convicted Mr. Washington of possessing cocaine with the intent to distribute it, see 21 U.S.C. § 841(a)(1).  The trial court sentenced him to 120 months

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

imprisonment. Mr. Washington appeals both the admissibility of the seized cocaine and his conviction. We affirm.

I.

A Greyhound bus stopped at the Omaha, Nebraska, bus station for refueling, and all of its passengers disembarked. Richard Lutter, an investigator for the Nebraska State Police, entered the bus and visually inspected the luggage located in the overhead compartments. He noticed a black bag that still had manufacturer's tags on it. He physically manipulated the bag, lifted it, and felt along its bottom. Mr. Lutter testified that he could feel brick-shaped "bundles" that were consistent with narcotics packaging. He left the bus and told other officers that he had located a suspicious bag.

When the passengers returned to the bus, the officers observed Mr. Washington place what appeared to be a piece of white paper in the bag. Shortly thereafter, Mr. Washington removed the bag from the overhead rack, placed it on the seat beside him, and then returned it to the rack. Mr. Lutter and another officer subsequently boarded the bus and asked the passengers collectively if any of them claimed ownership of the bag. When no one responded affirmatively, the officers asked each passenger individually whether he or she claimed ownership of the bag, and they all (including Mr. Washington) expressly denied ownership.

After all of the passengers denied ownership of the bag, the officers removed it from the bus and requested that Mr. Washington talk with them outside. After identifying themselves and their purpose, the officers asked Mr. Washington once more if the black bag belonged to him, and he denied that it did. The officers subsequently searched the bag and discovered more than 17 pounds of cocaine in it. In this appeal, Mr. Washington again argues that the cocaine was the product of an unreasonable search and seizure.

-2-

According to Mr. Washington, <u>United States v. Gwinn</u>, 191 F.3d 874 (8th Cir. 1999), supports his claim that the initial "pre-abandonment" search of the bag, which led to the subsequent internal search, was unconstitutional. Because the initial search led to the discovery of the cocaine, Mr. Washington asserts that the discovery of the cocaine was tainted and therefore that the cocaine should have been suppressed. At oral argument, Mr. Washington's counsel argued that we should "overrule" our prior suppression decision. We decline to do so.

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." <u>Arizona v. California</u>, 460 U.S. 605, 618 (1983); <u>see also</u> <u>Kinman v. Omaha Public School District</u>, 171 F.3d 607, 610 (8th Cir. 1999). Although the government did not mention the law of the case doctrine by name, in its briefs it argues that we should "affirm" our earlier decision on the motion to suppress. In that appeal, we ruled that "the search of the interior of [Mr. Washington's] bag did not violate Mr. Washington's Fourth Amendment rights because he voluntarily abandoned it prior to that search." <u>Washington</u>, 146 F.3d at 537. We thus concluded that even if the "manipulation of the exterior of the bag was unconstitutional ... the officers obtained the evidence consistent with the Fourth Amendment," <u>id.</u> at 538. We have already ruled on this issue, therefore, and decline Mr. Washington's invitation to revisit it here.

Even if the search of the bag were unconstitutional, we believe that Mr. Washington has no standing to challenge the search. It is undisputed that to this day he disclaims any ownership interest in the bag. A person must have a reasonable expectation of privacy in a place searched before he or she may contest the validity of the search. <u>See</u> <u>Katz v. United States</u>, 389 U.S. 347, 351-52 (1967). As the Supreme Court stated in <u>Alderman v. United States</u>, 394 U.S. 165, 174 (1969), "Fourth Amendment rights are personal [and] ... may not be vicariously asserted." <u>See</u> <u>also</u> <u>United States v. Salvucci</u>, 448 U.S. 83, 90 (1980). Since Mr. Washington has consistently disavowed any ownership interest in the bag containing the cocaine, he is

precluded from claiming that the bag was searched and its contents seized in violation of his constitutional rights. See United States v. Johnson, 906 F.2d 1285, 1289-90 (8th Cir. 1989); see also United States v. Abdullah, 162 F.3d 897, 902 (6th Cir. 1998).

## II.

Mr. Washington also argues that the evidence at trial was insufficient to support his conviction. We disagree.

In considering the sufficiency of the evidence to support a guilty verdict, we view the evidence in the light most favorable to the verdict and accept as established all reasonable inferences supporting it. See United States v. Davis, 154 F.3d 772, 786 (8th Cir. 1998), cert. denied, 119 S. Ct. 1072, 1078, 1090 (1999). We may reverse only when "no reasonable jury could have found the defendant guilty beyond a reasonable doubt," United States v. Frayer, 9 F.3d 1367, 1371 (8th Cir. 1993), cert. denied, 513 U.S. 818 (1994).

Mr. Washington testified at trial and unsuccessfully attempted to convince the jury that the black bag in question was not his. The jury, however, was free to believe the government's witnesses and any reasonable inferences derived from the government's evidence. It is not our task, of course, to assess the credibility of the witnesses. See Burks v. United States, 437 U.S. 1, 16 (1978); see also United States v. Stroh, 176 F.3d 439, 440 (8th Cir. 1999). The standard that we employ in reviewing a verdict is a strict one, and, as we said in United States v. Sykes, 977 F.2d 1242, 1247 (8th Cir. 1992), "a jury verdict should not be overturned lightly." Applying this standard to the record before us, we conclude that sufficient evidence supports Mr. Washington's conviction.

## III.

For the foregoing reasons, we affirm the judgment of the trial court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.