# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1761

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Randy Lee Kreisel, | * | of South Dakota. |
| | * | |
| Appellant. | * | |

_____

Submitted: October 19, 1999

Filed: April 7, 2000

_____

Before WOLLMAN, Chief Judge, and McMILLIAN and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

This is an appeal from the denial of a motion to suppress evidence. We affirm
the order of the district court.

I.

Two officers of the South Dakota Highway Patrol observed Robert Allen Kreisel
driving a Ryder rental truck towards a motorcycle rally where a number of vendors
were setting up shop. The defendant in this case, Randy Lee Kreisel (Robert's brother),

was a passenger in the truck. One of the officers testified that they stopped the truck to make inquiries of the driver because they had reason to believe that the truck was a commercial vehicle within the meaning of S.D. Codified Laws § 49-28-66. Such vehicles may require permits or licenses, and the officers did not observe any displayed.

After the officers determined that the purpose of the trip was not in fact commercial, they asked if they could search the truck. The officers had become suspicious, they said, because Robert Kreisel was extremely nervous, the truck was coming from the west coast, goods in the back of the truck were carelessly loaded, and Robert Kreisel said that he was looking for another brother's residence but did not know where it was. When Robert Kreisel consented to the search, the troopers discovered the precursor chemicals and drug manufacturing lab equipment that were the subject of Randy Kreisel's suppression motion.

After the district court denied Randy Kreisel's motion, he entered a conditional plea of guilty, *see* Fed. R. Crim. P. 11(a)(2), to manufacturing or attempting to manufacture methamphetamine, *see* 21 U.S.C. § 841(a)(1), § 846, and took this appeal.

## II.

In denying the suppression motion, the district court held that because the officers had an "articulable and reasonable suspicion," *Delaware v. Prouse*, 440 U.S. 648, 663 (1979), that the truck was involved in a commercial venture, the initial stop was valid, and therefore that the search pursuant to Robert Kreisel's consent (which the district court found voluntary) was valid as well. We have some misgivings about the district court's holding that the officers had an "articulable and reasonable suspicion," *id.*, that the Kreisels were on a commercial mission. For one thing, it appears that the truck had all but passed the area where vendors were setting up, and was on the verge of heading away from that area when the officers stopped it.

We nevertheless believe that the search was good because Robert Kreisel's consent provided a basis for it that was independent of whether the officers' stop of the truck comported with the fourth amendment. Even if a consent to search is the result, in a "but for" sense, of a fourth amendment violation, we will uphold a subsequent search if the consent was sufficiently an act of free will to purge the original taint. *United States v. McGill*, 125 F.3d 642, 644 (8th Cir. 1997), *cert. denied*, 522 U.S. 1141, 118 S. Ct. 1108 (1998).

The defendant in *United States v. Ramos*, 42 F.3d 1160, 1163 (8th Cir. 1994), *cert. denied*, 514 U.S. 1134 (1995), for example, following an illegal detention, consented to a search of his car. Before consenting, the defendant was specifically made aware of his right to refuse to consent. *Id.* Based on these facts, we concluded that the voluntary consent rendered the evidence seized admissible. *Id.* at 1164. We noted that the fact of an illegal detention is only the start, and not the end, of the fourth amendment analysis. *Id.* Even though Mr. Ramos was illegally detained, we found that his consent was " 'sufficiently an act of free will to purge the primary taint.' " *Id.*, quoting *Wong Sun v. United States*, 371 U.S. 471, 486 (1963); *see also United States v. Thomas*, 83 F.3d 259, 260 (8th Cir. 1996), *cert. denied*, 1999 WL 1051345, 68 U.S.L.W. 3390 (1999) (under the circumstances, voluntary consent to search car after illegal detention removed taint).

In this case, the district court held, on a sufficient record, that Robert Kreisel's consent to the search of the truck was consensual in " 'the totality of [...] circumstances under which it was given,' " *United States v. Beatty*, 170 F.3d 811, 813 (8th Cir. 1999), quoting *United States v. Palacios-Suarez*, 149 F.3d 770, 772 (8th Cir. 1998); *see also United States v. Chaidez*, 906 F.2d 377, 380-82 (8th Cir. 1990). We have viewed a videotape of the search and the events that preceded it, and it is plain to us that Robert Kreisel was not pressured in any way to consent. We conclude, moreover, that his consent was an act of free will that validated the search.

In reaching this conclusion, we have given special attention to the Supreme Court's admonition that in deciding whether evidence should be admitted in circumstances much like the present ones, we should consider "particularly, the purpose and flagrancy of the official misconduct," *Brown v. Illinois*, 422 U.S. 590, 604 (1975). We detect nothing in the record that would support a conclusion that the police purposefully engaged in misconduct (if, indeed, there was any misconduct), and since the unlawfulness was certainly not flagrant (if, indeed, there was any unlawfulness), we also conclude that there is no evidence that police in this case stopped the truck as part of a preconceived plan to extract a consent to search it from the driver. In the circumstances, we are of the view that the district court properly denied Randy Kreisel's motion to suppress.

### III.

For the foregoing reasons, we affirm the order of the district court.

McMILLIAN, Circuit Judge, dissenting.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.