# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3073

_____

United States of America,           *
                                    *
            Appellee,               *
                                    *  Appeal from the United States
      v.                            *  District Court for the
                                    *  District of Nebraska.
DeWayne A. Green,                   *
                                    *
            Appellant.              *

_____

Submitted: January 12, 2006
Filed:  March 27, 2006

_____

Before SMITH and HANSEN, Circuit Judges, and BOGUE,[1] District Judge.

_____

BOGUE, District Judge.

DeWayne A. Green ("Green") entered a conditional guilty plea to possession with intent to distribute over five grams of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1), after the district court[2] denied his motion to suppress cocaine base seized during the search of a vehicle in which he was a

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

passenger. The district court sentenced Green to 105 months' imprisonment. Green appeals the denial of his motion to suppress and his sentence. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 13, 2004, Omaha Police Officers Kevin Cave ("Officer Cave") and Mark Gillespie ("Officer Gillespie") went to an Omaha bar to investigate a theft. While they were talking to the victim, Officer Cave heard others in the bar talking about a man, later identified as Green, possibly being involved in the purported theft. Others in the bar, including the victim, believed Green or his friends were involved in the theft or knew something about it. Officer Cave had seen the man later identified as Green in the bar when Officer Cave first arrived. Officer Cave later saw Green in the bar parking lot and had observed Green walking off toward a nearby gas station.

After the officers completed their investigation at the bar, they drove to the gas station. Officer Gillespie saw Green in a vehicle leaving the gas station and stopped the vehicle two blocks from the station. Officer Cave approached the passenger side, and Officer Gillespie went to the driver side. As Officer Cave approached, he saw Green move as if to put something under the passenger seat. Officer Cave testified at the suppression hearing that, while he talked to Green, Officer Gillespie asked the driver, Brian Folino ("Folino"), if the officers could search the vehicle. Officer Gillespie testified he did not remember asking Folino for consent to search the vehicle. However, according to Officer Cave, Folino stated they could proceed with the search, that he had nothing to hide, and that he had nothing to worry about. Also, Folino testified the officers asked him for consent, and he consented to the search, stating he had nothing to hide. Folino also testified he saw Green put something under the seat. Assuming Folino had control and authority of the vehicle, Officer Cave searched under the passenger seat, where he found a clear plastic baggie containing crack cocaine.

Green moved to suppress the evidence seized during the search of the vehicle, arguing the vehicle was stopped and searched without probable cause and in violation of his Fourth Amendment rights. A magistrate judge recommended the motion to suppress be granted, concluding the officers did not have reasonable suspicion to justify the stop of the vehicle and, therefore, evidence derived from the stop must be suppressed. The district court overruled the recommendation in part, concluding the initial detention of Green violated his Fourth Amendment rights. However, the court also concluded the unchallenged, voluntary consent by Folino, which resulted in the search of the vehicle, purged the taint of Green's unlawful detention. Accordingly, the court suppressed evidence obtained directly as a result of Green's unlawful detention which, the court noted, did not include the evidence found in the vehicle. The court denied the remainder of Green's motion to suppress.

Green entered a conditional guilty plea, preserving the right to challenge the denial of his motion to suppress. The United States Probation Office prepared a Presentence Investigation Report (PSR), which listed Green's Sentencing Guidelines range as 87-105 months. The probation officer recommended Green be sentenced at the high end of the Guidelines range, 105 months. Green did not object to the PSR, but submitted a memorandum explaining why the court should sentence him to the low end of the Guidelines range. At sentencing, both parties confirmed they had received the sentencing recommendation. Immediately thereafter, the district court announced its intention to sentence Green "in accordance with the recommendation." Attorneys for both sides made statements regarding sentencing. In accordance with the plea agreement, government counsel recommended that Green be sentenced at the low end of the Guidelines range. The court announced Green's sentence would be 105 months. Thereafter, Green's attorney noted some confusion, stating he thought the court was going to follow the parties' recommendation that Green be sentenced at the low end of the Guidelines range, rather than the probation officer's recommendation of a sentence at the high end of the range. The court stated it understood the confusion, but also noted it intended to stand by the sentence imposed

and stated the reasons why it would do so. However, the court permitted Green's attorney to make a record on the issue. Green's attorney addressed the reasons he believed Green should receive a low-end sentence and asked the court to reconsider the sentence imposed and follow the parties' recommendation. The court stated its belief in the reasonableness of the recommended sentence and again stated that Green's sentence was to be 105 months.

## DISCUSSION

A.    Motion to Suppress

Green contends the district court erred in denying his motion to suppress, arguing his detention was not supported by reasonable suspicion of criminal activity, and Folino's consent did not purge the taint of the Fourth Amendment violation. "When considering a suppression order, we review the district court's factual findings for clear error and review de novo its conclusion about whether the Fourth Amendment was violated during the search." United States v. Janis, 387 F.3d 682, 686 (8th Cir. 2004). We will affirm the district court's ruling on a suppression motion "unless it is not supported by substantial evidence on the record; it reflects an erroneous view of the applicable law; or upon review of the entire record, [we are] left with the definite and firm conviction that a mistake has been made." United States v. Perez-Perez, 337 F.3d 990, 993-94 (8th Cir. 2003) (citation omitted).

The district court and the magistrate judge agreed that the detention was not supported by reasonable suspicion of criminal activity. The government challenges that conclusion in this appeal. Under Terry v. Ohio, 392 U.S. 1 (1968), and its progeny, police officers are permitted to conduct an investigative stop of a vehicle if they "have reasonable suspicion that the vehicle or its occupants are involved in criminal activity." United States v. Bell, 183 F.3d 746, 749 (8th Cir. 1999); see also United States v. Wheat, 278 F.3d 722, 726 (8th Cir. 2001). However, as explained below, we decline to reach the issue of whether the stop of the vehicle in this case was

lawful, because we conclude Folino's consent purged the taint of the allegedly unlawful stop.

While Green lacks an interest in the vehicle "that would enable him to directly challenge the search, he may still contest the lawfulness of his own detention and seek to suppress evidence as the fruit of his illegal detention." United States v. Green, 275 F.3d 694, 699 (8th Cir. 2001). Essentially, Green claims the crack cocaine, as the fruit of his detention, must be suppressed, because he was detained without a reasonable suspicion of criminal activity. Green's argument is flawed, because the discovery of the crack cocaine under his seat resulted from Folino's independent consent to search the vehicle, not from Green's unlawful detention. Folino's consent was voluntary. He testified the officers did not have their guns drawn when they approached the vehicle. He also stated he was not promised anything or threatened to induce his consent. Instead, Folino stated the officers could go ahead with the search, that he had nothing to hide, and that he had nothing to worry about. Regardless of whether the initial stop of the vehicle was lawful, Folino's consent "provided a basis for [the search] that was independent of whether the officers' stop of the vehicle comported with the fourth amendment." United States v. Kreisel, 210 F.3d 868, 869 (8th Cir. 2000). Because Green did not have a legitimate expectation of privacy in the area under the seat of that car, see Rakas v. Illinois, 439 U.S. 128, 148-49 (1978), Folino's consent was sufficient to purge the taint of any alleged Fourth Amendment violation. The district court did not err in denying Green's motion to suppress.

B.    Sentence

Next, Green challenges the 105-month sentence the district court imposed. "We review the ultimate sentence imposed for unreasonableness." United States v. Sebastian, 436 F.3d 913, 915 (8th Cir. 2006). "Reasonableness review is akin to abuse of discretion review, and a guidelines sentence may nonetheless be unreasonable where a district court gives significant weight to an improper or irrelevant factor, fails to consider a factor that should have been given significant

weight, or otherwise commits a clear error in judgment in weighing the sentencing factors." Id. (internal citations and quotations omitted). Since the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005), this court repeatedly has held that a sentence within the Guidelines range is presumptively reasonable. See, e.g., United States v. Bah, --- F.3d ---, ---, 2006 WL 508105, at *7 (8th Cir. Mar. 3, 2006); United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005).

Although some confusion occurred at sentencing regarding which "recommendation" the district court was following–that of the probation office or that of the parties–Green has failed to show the district court gave significant weight to an irrelevant or improper factor, failed to consider a factor that should have been given significant weight, or made some other clear error in judgment. The district court chose to sentence Green at the high end of the Guidelines range after considering the factors listed in 18 U.S.C. § 3553(a) as they relate to Green. Green has not shown that the district court improperly calculated the Guidelines range applicable to him. Green's 105-month sentence fell within the Guidelines range for the crime to which he pleaded guilty. In short, Green has failed to rebut the presumption that his sentence was reasonable. The district court did not err in sentencing Green to 105 months.

## CONCLUSION
For the foregoing reasons, we affirm in all respects.

_____