# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3882

_____

United States of America,

      Plaintiff - Appellee,

v.

Travis Lee Mull,

      Defendant - Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: May 16, 2006
Filed:  May 22, 2006

_____

Before BYE, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Travis Lee Mull pleaded guilty to one count of possessing pseudoephedrine, knowing and having reasonable cause to believe it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(2).  The district court[1] sentenced him to ninety-seven months of imprisonment.  We affirm.

On June 5, 2003, Detective John Wall observed Mull and co-defendant Andy Baldwin individually enter a St. Louis Target store and purchase two forty-eight-count

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

boxes of store-brand pseudoephedrine. Each man headed directly to the cold aisle, found the desired products, paid for them in cash, and returned to the same vehicle. Detective Wall had a marked patrol vehicle conduct a traffic stop. During the stop, Baldwin permitted the officer to search the vehicle, which contained twenty boxes of pseudoephedrine–ten boxes each under the passenger's and driver's seats. Tests determined the 960 pills contained a total of 57.6 grams of pseudoephedrine.

Baldwin pleaded guilty to possessing the entire quantity of pseudoephedrine and was sentenced to one already-served day of imprisonment and a term of supervised release. Mull pleaded guilty, but objected to the presentence report's recommendation he be held accountable for the entire quantity of pseudoephedrine and the application of a leadership enhancement. He also moved for a downward departure based on an overrepresented criminal history.

At the sentencing hearing, Detective Wall testified as to his observations at the Target store and noted Mull stated the police could "put all the pills on me." However, he did not know if Mull was referring to the ten boxes of pills found under his seat or to the entire twenty boxes located in the vehicle. Officer Victor Wilfong testified to post-<u>Miranda</u> statements made by both men. According to Officer Wilfong, Baldwin drove Mull to buy pseudoephedrine pills, but Mull would dictate which stores to visit, how to make purchases, and what to do in the event of a traffic stop. For his troubles, Mull paid Baldwin $150.00 for delivery of 500 pills. Additionally, Officer Wilfong testified Mull admitted to buying pseudoephedrine for another individual over the past three years in exchange for methamphetamine. Baldwin testified, albeit laden with inconsistencies, about how he and Mull would buy cold pills at stores, but he contended he did not know why they bought the medicine or why Mull paid him.

The district court, relying on Officer Wilfong's "impressive" testimony and the corroborating testimony of Officer Wall and Baldwin, determined Mull was

responsible for the entire quantity of pseudoephedrine. After applying a leadership enhancement based on the finding Baldwin was "easily led" and rejecting Mull's motion for a downward departure because his case was not outside the "heartland," the court sentenced Mull to ninety-seven months, the minimum in his advisory guideline range.

We review the district court's application of the guidelines de novo and its factual findings for clear error. United States v. Davidson, 437 F.3d 737, 739-40 (8th Cir. 2006). Mull first contends the district court erred in not granting a downward departure under § 4A1.3 for having an overrepresented criminal history. However, we lack jurisdiction to review such a decision because after reviewing the record, we reject Mull's contention the district court "erroneously believed that it was without authority to grant the departure." United States v. Frokjer, 415 F.3d 865, 874-75 (8th Cir. 2005) (citation omitted).

Mull also claims the district court improperly added two offense levels under U.S.S.G. § 3B1.1(c) for his leadership role. This enhancement is applicable if the government can prove the defendant "controlled at least one other participant in the offense," United States v. Voegtlin, 437 F.3d 741, 748 (8th Cir. 2006), and we review this question of fact for clear error. United States v. Mesner, 377 F.3d 849, 851 (8th Cir. 2004). The district court did not clearly err in determining Mull controlled Baldwin, a person "easily led." See Voegtlin, 437 F.3d at 748 (upholding an enhancement when the defendant instructed others to buy pseudoephedrine pills).

Mull next objects to the district court's drug quantity calculation, a question of fact. United States v. Allen, 440 F.3d 449, 452 (8th Cir. 2006). We find the district court did not clearly err because the entire quantity of pseudoephedrine can be considered either relevant conduct, U.S.S.G. § 1B1.3(a)(1)(B), or as a quantity over which Mull had constructive possession. United States v. Stevens, 439 F.3d 983, 990

(8th Cir. 2006) (holding a defendant has constructive possession over contraband when he has "knowledge of its presence, combined with control" over the items).

Finally, we review Mull's sentence for reasonableness. United States v. Green, 442 F.3d 677, 681 (8th Cir. 2006). Because the district court correctly calculated Mull's Guideline range, his sentence within it is presumptively reasonable. United States v. Lazenby, 439 F.3d 928, 932 (8th Cir. 2006). Mull's sentence is reasonable, despite the eight-year disparity between his and Baldwin's sentences because the two men are not similarly situated. See United States v. Vasquez, 433 F.3d 666, 671 (8th Cir. 2006) (upholding disparate sentences between co-defendants not similarly situated). The sentence is also in accordance with the 18 U.S.C. § 3553(a) factors. Accordingly, we affirm.

_____