# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-3530

———————

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　 *
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　 *　District Court for the
　　　　　　　　　　　　　　　　　　*　District of Nebraska.
Ruben Dario Nunez,　　　　　　　　 *
　　　　　　　　　　　　　　　　　　*　　　[UNPUBLISHED]
　　　　　　　Appellant.　　　　　　*

———————

Submitted: February 4, 2009
Filed: February 10, 2009

———————

Before RILEY, SMITH, and BENTON, Circuit Judges.

———————

PER CURIAM.

In this direct criminal appeal, Ruben Nunez (Nunez) challenges the district court's[1] denial of his motion to suppress evidence from a January 2006 traffic stop and vehicle search. After careful review, see United States v. Bell, 480 F.3d 860, 863 (8th Cir. 2007) (stating that in reviewing a district court's denial of a motion to suppress, an appellate court reviews for clear error the district court's factual findings and reviews de novo its legal conclusion as to whether the Fourth Amendment was

———————

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, adopting the report and recommendations of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

violated), we conclude the district court did not clearly err in finding Nunez's consent to search the vehicle was voluntary.  See United States v. Smith, 260 F.3d 922, 924 (8th Cir. 2001) (declaring that a court looks at the totality of the circumstances to determine whether a consent was voluntary; relevant factors include the individual characteristics of the defendant and the environment in which the consent was given); see also United States v. Esquivias, 416 F.3d 696, 700-01 (8th Cir. 2005) (holding the consent voluntary where a 19-year-old suspect understood English, was not under the influence of drugs or alcohol, was detained only a short time, was not threatened or intimidated, and was described by officers as cooperative).  We further conclude Nunez's voluntary consent purged the taint of any portion of the traffic stop that may have been illegal.  See United States v. Esquivel, 507 F.3d 1154, 1160 (8th Cir. 2007) (explaining, in determining whether a consent was and independent, lawful cause of a discovery of evidence, a court considers (1) the temporal proximity between the time a stop became illegal and the time of consent; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of any official misconduct); United States v. Palacios-Suarez, 149 F.3d 770, 773 (8th Cir. 1998) (concluding consent purged the taint of the initial illegal stop where nine minutes after the initial stop the officer asked the defendant several times if he could search the vehicle; the officer did not inform the defendant that the defendant did not have to consent to a search, and the officer was not obligated to do so); see also United States v. Grajeda, 497 F.3d 879, 882 (8th Cir. 2007) (finding it unnecessary to address whether an officer's act was an illegal search because the subsequent search was validated by the defendant's intervening voluntary consent).

Accordingly, we affirm.

_____