**UNITED STATES of America, Appellee,**

v.

**Eddie Raymond RUIZ, Appellant.**

No. 89–5430.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 16, 1990.

Decided June 19, 1991.

* THE HONORABLE H. FRANKLIN WATERS, Chief Judge, United States District Court for the Western District of Arkansas, sitting by designation.

Mark S. Wernick, Minneapolis, Minn. argued, for appellant.

Richard E. Vosepka, Minneapolis, Minn., argued, for appellee. Jeanne J. Graham and Kathryn Eilers, Minneapolis, Minn., appeared on appellee's brief.

Before WOLLMAN and MAGILL, Circuit Judges, and WATERS,* Chief District Judge.

MAGILL, Circuit Judge.

Eddie Raymond Ruiz appeals his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1988). Ruiz argues that the district court[1] erred in denying his suppression motion because the police improperly relied on third-party consent to search luggage that Ruiz placed in the trunk of another person's car. When this case first came before this panel, we remanded it back to the district court for additional findings as to the circumstances surrounding the third-party consent. Having reviewed the new findings of

1. The Honorable Diana Murphy, United States District Judge for the District of Minnesota.

the district court, we now affirm Ruiz' conviction.

## I.

On February 16, 1989, the Bloomington, Minnesota Police Department received a tip that Ruiz would be arriving in Bloomington with cocaine. The tip also informed the police that Ruiz would arrive at the Greyhound Bus station that evening at 9:15 p.m. and that he would be met by two African–American males. The police had a picture of Ruiz and knew that Ruiz had been convicted for a cocaine-related offense. Based on this information, the police surveilled the Greyhound Bus depot.

At approximately 9:30 p.m., Ruiz arrived, carrying two pieces of luggage. Ruiz was accompanied by another man who was also carrying luggage. Ruiz and his companion walked across the street to a McDonald's. After Ruiz made a phone call, the police saw a white Pontiac and a blue Chevrolet drive into the McDonald's parking lot. There were two African–American males in the white Pontiac and a woman, Lisa Lemieux, in the blue Chevrolet. The occupants of both cars met with Ruiz and his companion in the McDonald's. Then, the entire group walked out to the parking lot. Ruiz placed the two pieces of luggage he was carrying into the trunk of the blue Chevrolet and then got into the passenger seat of the Pontiac. Ruiz' companion kept the luggage he was carrying and joined Ruiz in the Pontiac. Lemieux got into the driver's seat of the Chevrolet along with one of the African–American men. Before the cars left the parking lot, the police stopped them and began questioning all the occupants.

After informing Ruiz of his *Miranda* rights, Detective William Gauff questioned Ruiz in the front seat of his squad car. Detective Gauff asked Ruiz for permission to search Ruiz' luggage, referring to the two pieces of luggage that were in the trunk of the Chevrolet. Ruiz responded that his luggage was the bag in the Pontiac. Detective Gauff told Ruiz that he saw Ruiz place the two bags in the Chevrolet. Ruiz replied that Gauff was mistaken and that his bag was in the Pontiac. Detective Gauff then asked Ruiz where he had put the drugs. Ruiz responded, "[Y]ou can look in my bag," referring to the bag in the Pontiac.

Meanwhile, another detective was questioning Lemieux. She told the detective that the Chevrolet she was driving belonged to her mother. Lemieux gave the officers permission to search the Chevrolet. Detective Gauff, having left Ruiz in the front seat of his car, executed the search of the Chevrolet. He found two pieces of luggage in the trunk. One of the bags, which was zippered but unlocked, contained approximately one pound of cocaine. After the cocaine was discovered, all five of the suspects were arrested.

While Lemieux was being questioned, Ruiz sat in Detective Gauff's squad car facing Lemieux and the Chevrolet, approximately forty feet away. Both Lemieux and the Chevrolet were clearly visible from Ruiz' position. Since the windows in the squad car were rolled up, Ruiz could not hear any of the conversation between Lemieux and the police. However, even though he could not hear the conversation, he could see that the police were questioning her. In spite of the fact that Ruiz was not handcuffed or locked into the car, he did not object to the search of the Chevrolet.

On March 15, 1989, a grand jury indicted Ruiz on two charges: conspiracy to distribute cocaine and possession with the intent to distribute cocaine. Ruiz moved to suppress the cocaine evidence on the ground that it was illegally seized. After holding an evidentiary hearing on this issue, the magistrate judge[2] recommended that the motion be denied. The district court adopted this recommendation. On May 15, 1989, Ruiz entered a conditional guilty plea to the conspiracy count, preserving his right to appeal the suppression issue. The court sentenced Ruiz to ninety-seven months' imprisonment, granting a down-

---

2. The late Honorable Bernard P. Becker, United States Magistrate Judge for the District of Minnesota.

ward departure from the Sentencing Guidelines range because of Ruiz' substantial assistance to the authorities. On June 25, 1990, this court remanded the case for further findings of fact on Ruiz' fourth amendment claim. On July 27, 1990, the magistrate judge held a supplemental evidentiary hearing on this issue. He concluded that the search of the bags in the trunk of the Chevrolet did not violate the fourth amendment and recommended that the district court rule that the evidence was admissible. In his report and recommendation, the magistrate judge stated that even though it was unclear whether or not Ruiz could have objected to the search of the Chevrolet, there was no fourth amendment violation because Ruiz voluntarily abandoned his privacy interest in the luggage in the Chevrolet when he denied ownership of the bags to Detective Gauff. The district court adopted this report and recommendation and certified the findings back to this court.

## II.

Ruiz now contends that he did not abandon his fourth amendment interest in the luggage when he failed to admit ownership and that Lemieux' consent did not justify the search because, even though Ruiz was present and did not object to the search, he did not have an opportunity to object to the search. Therefore, Ruiz reasons, since the search of his luggage violated the fourth amendment, the pound of cocaine must be suppressed. The government rejects both of Ruiz' contentions. It argues that Ruiz abandoned his fourth amendment privacy right in the luggage when he disclaimed ownership of the luggage. Therefore, Lemieux' consent to search was sufficient because Ruiz did not have a higher expectation of privacy than Lemieux did in the luggage. Furthermore, the government argues, even if Ruiz did have a higher expectation of privacy, his failure to object actively to the search validates the third-party consent.

In *United States v. Impink*, 728 F.2d 1228 (9th Cir.1984), the Ninth Circuit held that the police may not rely on third-party consent if a person with a higher expectation of privacy is present and actively objects to the search. *Id.* at 1234. Therefore, the threshold question is whether Ruiz had a higher expectation of privacy in the luggage at the time of the search than Lemieux did. The district court concluded that Ruiz had abandoned his interest in the luggage by denying ownership to Detective Gauff. Abandonment is a factual issue which we review under the clearly erroneous standard. *United States v. Morales*, 737 F.2d 761, 763 (8th Cir.1984). Therefore, we must affirm the district court's abandonment finding unless its decision is "unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or, in light of the entire record, we are left with a firm and definite conviction that a mistake has been made." *United States v. Meirovitz*, 918 F.2d 1376, 1379 (8th Cir.1990) (citing *United States v. Jorgensen*, 871 F.2d 725, 728 (8th Cir. 1989)).

■ In Ruiz' case, the district court's abandonment finding was supported by substantial evidence. First, there was Detective Gauff's testimony of his conversation with Ruiz in which Ruiz disclaimed ownership of the luggage in the trunk of the Chevrolet. Ruiz does not deny this; instead, he argues that Detective Gauff knew he was lying when he made this disclaimer. Therefore, Ruiz argues, his disclaimer did not constitute an abandonment of his fourth amendment privacy interest in the luggage. While Detective Gauff did see Ruiz carry the suitcases off the Greyhound bus and put them in the trunk of the Chevrolet, that alone does not mean that Detective Gauff knew the suitcases belonged to Ruiz. Ruiz could have been carrying the suitcases for his traveling companion, or Ruiz could have been delivering the suitcases to Lemieux. In either case, Detective Gauff reasonably could have believed that Ruiz' disclaimer meant he was relinquishing any privacy interest he might have had in the suitcases. Furthermore, after Ruiz placed the suitcases in the Chevrolet, he proceeded to get into the Pontiac. This is another uncontested fact that indicates that Ruiz had abandoned any privacy interest he may

have had in the luggage. Both Ruiz' words and actions support the district court's conclusion that he intended to abandon the luggage. *See Morales,* 737 F.2d at 763; *United States v. Veatch,* 674 F.2d 1217, 1220–21 (9th Cir.1981). Therefore, the district court had substantial evidence to support its conclusion that Ruiz abandoned his interest in the luggage that he placed in the trunk of the Chevrolet.

■ Since the district court did not apply an erroneous interpretation of the relevant case law on abandonment of fourth amendment privacy interests, *see Veatch,* 674 F.2d at 1220–21; *United States v. Colbert,* 474 F.2d 174, 176 (5th Cir.1973) (en banc), and since a review of the entire record has not left us with a firm and definite conviction that a mistake has been made, the district court's finding that Ruiz abandoned his expectation of privacy in the luggage was not clearly erroneous. Therefore, Lemieux had the greater expectation of privacy in the luggage because it was stored in the trunk of her car. Consequently, her consent validated the warrantless search. *See Florida v. Jimeno,* —— U.S. ——, ——, 111 S.Ct. 1801, 1802, 114 L.Ed.2d 297 (1991) (general consent to search car extends to closed containers within car).

### III.

For the foregoing reasons, we affirm the district court's denial of Ruiz' motion to suppress the cocaine evidence, and thus affirm the conviction.