United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-1178

United States of America,  *
  *
  *
Appellee,  *
  *  Appeal from the United States
v.  *  District Court for the Northern
  *  District of Iowa.
Larry Andre Sanders,  *
  *
Appellant.  *

_____

Submitted: September 12, 1997
Filed:   December 12, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge,  HEANEY, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

Larry Andre Sanders appeals from a final judgment entered in the district court[1] upon a jury verdict finding him guilty of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851. Sanders argues that the district court erred in denying his motion to suppress evidence discovered during a baggage search.  We affirm.

---

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

## I.    BACKGROUND

On February 7, 1996, Officer Mark Meyer of the Waterloo Police Department received a tip that three individuals were making a series of suspicious bus trips from Chicago to Waterloo. The informant identified one of the travelers as Clarence Hendricks. Officer Meyer's search of police records revealed that Johnell Witt and Hendricks had been arrested together in Waterloo in 1995. Meyer was familiar with Witt because he had previously arrested him for drug possession. Meyer learned that there was a warrant currently outstanding for the arrest of Witt, and that Hendricks had also been arrested on two prior occasions for drug possession. Upon seeing police photographs of both men, the informant confirmed that Hendricks and Witt were two of the three individuals in question. Based on this information, Officer Meyer suspected that Hendricks, Witt, and the unidentified third person might be transporting illegal drugs between Chicago and Waterloo.

The informant indicated that the travelers were scheduled to arrive in Waterloo on a bus from Chicago at 3:20 p.m. on February 9, 1996. Meyer proceeded with other members of the Drug Task Force to the Waterloo Bus Depot that afternoon to await their arrival. When the bus arrived, Hendricks and Witt emerged in a group of eight or nine passengers, all of whom seemed to be traveling together. The officers approached and arrested Witt on the outstanding warrant. They then began questioning the remaining members of the group, partly in an effort to determine whether the third individual mentioned by the informant was among them. When officers asked Sanders to identify himself, he falsely stated that his name was "Darrel Walker."

The police asked each of the detainees to indicate which of the bags belonged to him. Sanders initially claimed a brown imitation leather bag. Shortly thereafter, however, he disclaimed ownership and denied bringing any luggage on the trip. After everyone had claimed his luggage, three bags remained: a black athletic bag, a paper

grocery sack, and the brown imitation leather bag. Hendricks and Sanders were the only two members of the group who had not claimed any luggage. Police again asked whether anyone knew to whom the remaining bags belonged. Again, all present, including Hendricks and Sanders, indicated that the bags were not theirs. The officers consequently concluded that the three unclaimed bags were abandoned and proceeded to search them. In both the brown and the black bags, police discovered crack cocaine. Inside a cereal box in the grocery sack, they found two pounds of marijuana. All of the detainees were then arrested and taken to the Waterloo Police Station.

During his interview of Sanders, Meyer produced the brown bag that Sanders had initially claimed. Meyer examined the contents of the bag and found clothing similar to that worn by Sanders. Based on this similarity, Meyer administered Miranda warnings and arrested Sanders. After a period of interrogation, Sanders gave his true name and birth date and confessed to police that he possessed forty rocks of crack cocaine with the intent to sell them in Waterloo.

Before his jury trial, Sanders moved to exclude all evidence discovered in the baggage search at the bus depot, arguing that the search was not supported by probable cause. The district court found that Sanders had abandoned the bag and thus had no standing to challenge the search. Sanders appeals his conviction on the grounds that the district court's denial of his motion to suppress was reversible error.

## II.    DISCUSSION

The Fourth Amendment's protection extends only to those who have a legitimate expectation of privacy in the property at the time it is searched. See California v. Greenwood, 486 U.S. 35, 39 (1988). It is therefore firmly established that a warrantless search of abandoned property is not unreasonable and does not violate the Constitution. See Abel v. United States, 362 U.S. 217, 241 (1960). The district court found that Sanders abandoned the brown bag when he indicated to police at least twice

that he did not own it.  Accordingly, the court concluded that Sanders had no reasonable expectation of privacy and no standing to challenge the constitutionality of the officers' search.  We review the district court's finding of abandonment for clear error.  See United States v. Segars, 31 F.3d 655, 658 (8th Cir. 1994).  Therefore, we will affirm the finding of the district court unless it is "'unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or, in light of the entire record, we are left with a firm and definite conviction that a mistake has been made.'"  United States v. Ruiz, 935 F.2d 982, 984 (8th Cir. 1991) (quoting United States v. Meirovitz, 918 F.2d 1376, 1379 (8th Cir. 1990)) (other citations omitted).

Sanders's statements to the officers that he did not own the bag were sufficient to constitute abandonment.  See, e.g., United States v. Porter, 107 F.3d 582, 583-84 (8th Cir. 1997) (finding abandonment where defendant told officer to "go ahead and search the bag" because "it was not his and he had never seen it before"); United States v. Thompkins, 998 F.2d 629, 632 (8th Cir. 1993) (finding abandonment where defendant maintained that the bag was not his and told officers they could search it).  Sanders argues that because officers knew he was lying when he claimed not to own the brown bag, the finding of abandonment is clearly erroneous.  We have previously rejected this argument.  See Ruiz, 935 F.2d at 984.  In Ruiz, the court found that "[police] reasonably could have believed that Ruiz'[s] disclaimer meant he was relinquishing any privacy interest he might have had in the suitcases."  Id.  The same reasoning applies in this case.

When Sanders disclaimed ownership, he surrendered any legitimate expectation of privacy he had in the bag.  The fact that he forfeited his Fourth Amendment guarantee of privacy was enough to discharge the officers' Fourth Amendment obligation to obtain a search warrant.  The Fourth Amendment only protects privacy. It does not immunize people who, finding themselves in a compromising situation, voluntarily trade their interest in privacy for a chance to escape incrimination, no matter how unwise the decision may seem in retrospect.

We have reviewed Sanders's other arguments on appeal and we find them to be without merit.

## III.  CONCLUSION

For the reasons set forth above, the judgment of the district court is affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.