# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3794

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Leonel Ceja-Tinajero, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 14, 2002

Filed: May 20, 2002

_____

Before McMILLIAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Two law enforcement officers approached Leonel Ceja-Tinajero after he exited a bus at the Omaha bus station and walked toward the taxi stand. After Ceja-Tinajero was almost struck by a passing car, an officer asked him to step onto the sidewalk. The officer informed Ceja-Tinajero that she was a policewoman in English and displayed her identification. Ceja-Tinajero did not respond so the officer repeated the information in Spanish. She clarified that she was a "police officer for drugs" and that Ceja-Tinajero was "not arrested." The officer asked Ceja-Tinajero for permission to search his bag, and he consented. Ceja-Tinajero began talking loudly, acting agitated, and stated three times that the bag did not belong to him. A third officer

then joined the group. Police opened the bag, discovered methamphetamine, and arrested Ceja-Tinajero. Police then searched Ceja-Tinajero's other bag and discovered more methamphetamine. The district court[*] denied Ceja-Tinajero's motion to suppress, finding that he consented to the search and then abandoned ownership of the bag. Ceja-Tinajero pleaded guilty to possession with intent to deliver methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) (1994, Supp. V 1999) and was sentenced to seventy months imprisonment. Ceja-Tinajero now appeals. Having reviewed the district court's factual findings for clear error and legal conclusions de novo, we affirm. United States v. Hathcock, 103 F.3d 715, 718 (8th Cir. 1997).

We reject Ceja-Tinajero's contention that the conversation with police was not a consensual stop, but rather an investigative stop lacking reasonable suspicion. A consensual encounter does not become an investigative stop unless the questioning is so "'intimidating, threatening or coercive that a reasonable person would not have believed himself to be free to leave.'" Id. (quoting United States v. McKines, 933 F.2d 1412, 1419 (8th Cir. 1991) (en banc)). Circumstances that might indicate when a stop becomes a seizure include "'the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officers's request might be compelled.'" Id. at 718-19 (quoting United States v. White, 81 F.3d 775, 779 (8th Cir. 1996)). None of these circumstances were present during Ceja-Tinajero's encounter, thus the stop was consensual. The two officers who approached Ceja-Tinajero were in plain clothes, with no weapons visible. The police did not touch Ceja-Tinajero until his formal arrest. Although Ceja-Tinajero complains that the first officer's repetitive identification of herself as law enforcement was coercive,

---

[*]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska, adopting the report and recommendation of the Honorable Kathleen A. Jaudzemis, United States Magistrate Judge for the District of Nebraska.

we disagree. Repetitive identification and display of a badge are factors to consider, but standing alone, these factors do not convert a consensual encounter into a seizure. United States v. Dixon, 51 F.3d 1376, 1380 (8th Cir. 1995). Aside from his earlier consent, Ceja-Tinajero had no basis to contest the officer's search because he abandoned his interest in the luggage by telling the police that the bags were not his. United States v. Sanders, 130 F.3d 1316, 1317 (8th Cir. 1997). Ceja-Tinajero, then, can assert no privacy interest in the abandoned property and the police may search the property without a warrant. Id.

We affirm Ceja-Tinajero's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.