# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2235

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal From the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Edward Deshawn Hawkins, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 17, 2004
Filed: November 30, 2004

_____

Before WOLLMAN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Drug interdiction officers working at the Omaha bus station saw a bus arrive from Los Angeles. When bags were removed from the bus, the officers noticed a blue bag without any tags. Edward Deshawn Hawkins gave a claim check to the attendant and took the bag. Hawkins walked out of the station, met his traveling companion, gave him the bag, and went to hail a cab. The officers approached Hawkins's companion and began to question him. He denied ownership of the bag, and said that the bag belonged to his brother. When Hawkins returned, he gave a false name and claimed he had traveled from Los Angeles without any baggage. Hawkins stated he had just carried the bag outside for a person he met inside the bus station. Officers

advised Hawkins that they were interested in searching the bag, and Hawkins voiced concern that the officers would search the bag without a legal right to do so. After Hawkins continued to deny ownership of the bag, officers opened the bag and found a container of liquid they believed was phencyclidine (PCP). Hawkins filed a motion to suppress the PCP, asserting that the warrantless search of the bag violated his Fourth Amendment rights. The district court[1] denied Hawkins's motion, finding Hawkins had no legitimate expectation of privacy in the bag, and even if he did, he forfeited that expectation by abandoning the bag. Hawkins conditionally pleaded guilty, and now appeals the denial of his motion to suppress.

"When a person abandons his [property], his expectation of privacy in the property is so eroded that he no longer has standing to challenge a search of the luggage on Fourth Amendment grounds." United States v. Liu, 180 F.3d 957, 960 (8th Cir. 1999). A warrantless search of abandoned property does not involve a constitutional violation, because "any expectation of privacy in the item searched is forfeited upon its abandonment." United States v. Chandler, 197 F.3d 1198, 1200 (8th Cir. 1999) (quoting United States v. Tugwell, 125 F.3d 600, 602 (8th Cir. 1997)). We are to consider the totality of evidence when determining whether property has been abandoned, focusing on two principal factors: whether the defendant has claimed or denied ownership of the item, and whether the defendant physically relinquished it. United States v. James, 353 F.3d 606, 616 (8th Cir. 2003). The government bears the burden of showing property has been abandoned. Id.

The totality of circumstances indicates Hawkins abandoned any interest he had in the bag. When the officers approached Hawkins's companion, he stated the bag belonged to his brother who had just reentered the terminal. When Hawkins returned, however, he stated he did not have any luggage and had merely carried the bag to the

---

[1]The Honorable Thomas M. Shanahan, United States District Court for the District of Nebraska.

front of the terminal for an unidentified person who Hawkins purportedly met in the terminal. When directly asked about the bag, Hawkins consistently denied that he owned it. Even as Hawkins exhibited some concern about the bag as he learned the police wanted to search it, he continued to deny he owned it. These circumstances would lead reasonable officers to believe that Hawkins abandoned his interest in the bag.[2]

Hawkins contends that his protestations that the police could not open someone else's bag show that he, as bailee, was asserting a privacy right in the bag. See United States v. Perea, 986 F.2d 633, 639-40 (2d Cir. 1993) ("One need not be the owner of the property for his privacy interest to be one that the Fourth Amendment protects, so long as he has the right to exclude others from dealing with the property."); United States v. Benitez-Arreguin, 973 F.2d 823, 827-28 (10th Cir. 1992) (recognizing that a bailee may have a privacy interest in property). We disagree. Even assuming the truth of Hawkins's claim that he brought the bag out for some stranger in the terminal, any interest he had in the bag evaporated when his duties as bailee were over. Hawkins told the police that he carried the bag out at the request of this unidentified person, but there is no evidence that Hawkins agreed to stand guard over the bag. Indeed, Hawkins indicated to the police that he did not have time to identify the true owner because he was waiting for a ride, presumably to leave the area without the bag. Hawkins cannot now assert interests when his conduct at the scene suggested to officers that he no longer had any interest in the bag. At the time of the search, Hawkins had no remaining privacy interest as either owner or bailee of the bag, and thus cannot prevail on a challenge to the search of it.

---

[2]The district court noted that Hawkins physically relinquished the bag by starting to walk away from it after the search began, but "[w]e consider only the information available to the officers at the time of the search" in determining the abandonment issue. United States v. Tugwell, 125 F.3d 600, 602 (8th Cir. 1997). Thus, it was error to consider Hawkins's actions after the search commenced when deciding whether Hawkins abandoned the property *prior* to the search.

We thus affirm the denial of Hawkins's motion to suppress.[3]

_____

---

[3]Because we find that any expectation of privacy Hawkins had in the bag was forfeited by his abandonment of it, we need not consider the district court's alternative holding that Hawkins failed to demonstrate that he ever had a legitimate privacy interest in the bag.