# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2576

_____

United States of America

*Plaintiff - Appellee*

v.

Cody Allen Nowak

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: February 12, 2016
Filed: June 17, 2016

_____

Before SHEPHERD, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Cody Allen Nowak was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] denied his motion to

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, adopting the report and recommendations of the Honorable Veronica L. Duffy, United States Magistrate Judge for the District of South Dakota.

suppress. After entering a conditional plea of guilty, Nowak was sentenced to 27 months' imprisonment and 2 years of supervised release. Nowak appeals the denial of his motion to suppress, alleging that police officers violated his Fourth Amendment rights by searching his backpack without a warrant. We have jurisdiction pursuant to 28 U.S.C. § 1291, and finding no error, we affirm.

## I. Background

On August 7, 2014, Nowak asked his friend Harry Madsen for a ride. Nowak got into the front passenger seat of Madsen's car and placed his backpack on the floor in front of him. Shortly thereafter, Madsen was pulled over by Officer Scott Vander Velde with the Sioux Falls, South Dakota, Police Department, because his license plate tags were expired. When Nowak got out of the car, Officer Vander Velde recognized him and told him to get back into the car. Nowak did so. But when Vander Velde returned to his patrol car to contact dispatch, Nowak exited the car a second time and ran from the scene.

Officer Vander Velde did not pursue Nowak. Instead, he spoke to Madsen, who gave Officer Vander Velde permission to search the car. Officer Vander Velde found Nowak's backpack on the floor in front of the passenger seat. Vander Velde asked Madsen if the backpack was Nowak's. Madsen said "yea[h], that was his backpack," and "[t]hat's not mine."

Two other officers canvassed the area looking for Nowak, but did not find him. Nowak did not return to the scene during the approximately twenty-four minute traffic stop. Inside the backpack, Vander Velde found a Hi-Point .45 caliber handgun wrapped in a bandana.

Nowak moved to suppress evidence of the firearm, alleging that the warrantless search of his backpack was a violation of his Fourth Amendment right to be free of

unreasonable searches and seizures. At the suppression hearing, Officer Vander Velde testified, and the government offered an audio recording of the traffic stop. The district court adopted the magistrate judge's recommendation that the motion be denied, finding that Nowak had abandoned the backpack and thus had no privacy interest in its contents. Nowak timely appealed.

## II. Discussion

Nowak alleges the district court erred in denying his motion to suppress, because he did not abandon the backpack and because any consent Madsen gave to the officers did not extend to his backpack. When considering the denial of a motion to suppress evidence, we review the district court's findings of fact for clear error, and the ultimate determination of whether a Fourth Amendment violation occurred de novo. United States v. Williams, 777 F.3d 1013, 1015 (8th Cir. 2015) (quoting United States v. Stephenson, 924 F.2d 753, 758 (8th Cir. 1991)).

"We take up the abandonment issue first because our resolution of the question could make it unnecessary for us to decide the other issues on appeal." United States v. Liu, 180 F.3d 957, 960 (8th Cir. 1999) (citing United States v. Washington, 146 F.3d 536, 537 (8th Cir. 1998)). To prevail on his motion to suppress evidence of the gun, Nowak must show that he had a reasonable expectation of privacy in his backpack. United States v. Hayes, 120 F.3d 739, 743 (8th Cir. 1997). The Fourth Amendment is not implicated by a search of property that has been abandoned because a defendant who has abandoned his property "'has relinquished h[is] reasonable expectation of privacy.'" United States v. James, 534 F.3d 868, 873 (8th Cir. 2008) (alteration in original) (quoting United States v. Tugwell, 125 F.3d 600, 602 (8th Cir. 1997)).

Whether property has been abandoned "is determined on the basis of the objective facts available to the investigating officers, not on the basis of the owner's

subjective intent." Id.; see also United States v. Basinski, 226 F.3d 829, 836–37 (7th Cir. 2000) ("[I]t does not matter whether the defendant harbors a desire to later reclaim an item"). We consider the dual factors of whether the defendant physically relinquished his property and whether he denied ownership of it. United States v. Simpson, 439 F.3d 490, 494 (8th Cir. 2006). However, a verbal denial of ownership is not necessary for a finding of abandonment, and we reach our ultimate conclusion based on the totality of the circumstances. See id.; Liu, 180 F.3d at 960 (citing California v. Hodari D., 499 U.S. 621, 624 (1991)).

Nowak did not deny ownership of the backpack but he physically relinquished it when he fled the scene of the traffic stop, leaving the backpack behind in the car. Nowak attempts to neutralize his flight by arguing that because he did not leave the backpack in a public place, he did not abandon it. Nowak cites to Basinski in support of his argument that property left in a private, as opposed to a public, place has not been abandoned. But in Basinski, the owner of a briefcase gave it to his friend for safekeeping and then explicitly instructed the friend to destroy it. Basinski, 226 F.3d at 832, 837–38. Nowak left his backpack in Madsen's car, but unlike Basinski, he did nothing to "demonstrate[] a strong desire to preserve both his possessory and privacy interests." Basinski, 226 F.3d at 837.

"[A] person does not abandon his property merely because he gives it to someone else to store" or keep watch over. United States v. James, 353 F.3d 606, 616 (8th Cir. 2003) (citing Basinski, 226 F.3d at 837). "[W]e have held that specific instructions from the owner to destroy private materials are 'the ultimate manifestation of privacy, not abandonment.'" United States v. Thomas, 451 F.3d 543, 546 (8th Cir. 2006) (quoting James, 353 F.3d at 616). But Nowak gave no such instruction to Madsen here. Nor did he ask Madsen to store or safeguard the backpack for him. Indeed, he said nothing at all to Madsen when he ran from the car, leaving the backpack behind and leaving Madsen "amazed" at Nowak's flight.

-4-

Madsen told the officers he did not even know why Nowak had wanted a ride in the first place.

In this case, there is simply no evidence that Nowak gave any indication – verbal or otherwise – that he intended for Madsen (or anyone else) to take care or possession of the backpack in his absence such that his personal belongings would remain private. Nor do the circumstances lend themselves to such a conclusion. Instead, the evidence in this case showed the contrary: When expressly directed by a law enforcement officer to remain in the car, Nowak got out of the car, ran from the scene, and left his belongings behind. The objective facts available to the officers support the finding that Nowak abandoned his backpack.

Whether property is discarded in a public, private, or semi-private place is a factor in considering whether the property has been abandoned, but it is not dispositive. See Katz v. United States, 389 U.S. 347, 351–52 (1967) ("What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. . . . But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected" (citations omitted)). Based on the evidence presented, the district court did not err in concluding that Nowak abandoned his backpack and relinquished any reasonable expectation of privacy in it.[2]

The decision of the district court is affirmed.

--------------------------------------------------

---

[2]Because we have concluded that Nowak abandoned the backpack, we need not address whether Madsen's consent to search the car extended to the backpack.