# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4308

_____

United States of America

*Plaintiff - Appellee*

v.

Prentiss Anthony Crumble

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 20, 2017
Filed: January 2, 2018

_____

Before WOLLMAN and SHEPHERD, Circuit Judges, and GOLDBERG,[1] Judge.

_____

SHEPHERD, Circuit Judge.

On October 21, 2014, at approximately 1:28 p.m., police received reports of shots being fired between two vehicles in St. Paul, Minnesota. Dispatch informed responding officers that one of the vehicles—a tan Buick—had crashed into a house

_____

[1]The Honorable Richard W. Goldberg, Judge for the United States Court of International Trade, sitting by designation.

and its two male occupants had fled on foot. Officers arrived at the scene to find the wrecked Buick with bullet holes along its passenger side and a shot-out rear window. They noticed the Buick's key in its ignition and a handgun on the driver's side floorboard. A witness informed the officers that after the crash the other vehicle's shooter continued to fire at the Buick. The witness stated that the Buick's two occupants fled the scene on foot heading west, describing one as a black male, in his early 20s, wearing a white t-shirt. Another witness also reported seeing an approximately 25-year-old black male in a white t-shirt running westward from the Buick. Officers found a man matching this description hiding behind a shed a block and a half away. That man was appellant Prentiss Crumble.

Officers took Crumble into custody and drove him to the scene of the wrecked Buick—where he denied any knowledge of the shooting or the Buick. When an officer searched the Buick later that day, he found a cell phone on the driver's seat, which he secured into evidence. The following day, the officer applied for a search warrant to search the cell phone for "information as to the second occupant in the Buick or further information related to the crime." A county judge issued a warrant to search "[a]ll electronic data (including but not limited to contacts, calenders, call records, voice messages, text messages, photo and video files) stored in" the phone. In the subsequent search, the officer found a video of Crumble inside a vehicle wearing a white t-shirt and brandishing a handgun similar to that recovered from the Buick. The video was recorded shortly before the shooting on October 21, 2014 at 1:15 p.m.

Crumble was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Crumble moved to suppress the evidence recovered from the cell phone. The magistrate judge recommended granting Crumble's motion to suppress, finding Crumble had not abandoned his Fourth Amendment rights in the phone. The district court rejected the magistrate judge's recommendation, concluding that the evidence from the cell phone was admissible

because Crumble abandoned the Buick and the phone left in it when he fled and subsequently denied any knowledge of the vehicle. The district court alternatively held that the search warrant was supported by probable cause and did not lack particularity or amount to a general warrant. Finally, even if there were no probable cause or a lack of particularity, the good-faith exception applied because it was objectively reasonable for the police to rely on the warrant.

Crumble entered a conditional guilty plea, reserving his right to appeal the district court's denial of his motion to suppress the evidence obtained in the search of his cell phone. At sentencing, the government sought application of the Armed Career Criminal Act ("ACCA") based on Crumble's prior felony convictions under Minnesota law, which included a conviction for second-degree assault, a conviction for second-degree burglary, and two convictions for third-degree burglary. Crumble argued the burglary convictions were not violent felonies under the ACCA. The district court disagreed and imposed the ACCA mandatory minimum sentence of 15 years in prison. Crumble now appeals his conviction and sentence.

I.

We first take up Crumble's Fourth Amendment challenge to the search of the cell phone. The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. "[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has [a reasonable] expectation of privacy in the place searched . . . . " Minnesota v. Carter, 525 U.S. 83, 88 (1998). Therefore, we must initially consider whether Crumble had a reasonable expectation of privacy in the cell phone he left behind in the Buick.

It is well-established that a defendant does not have a reasonable expectation of privacy in abandoned property. See United States v. Tugwell, 125 F.3d 600, 602 (8th Cir. 1997). Thus, if Crumble abandoned the cell phone, he forfeited his

expectation of privacy and cannot raise a Fourth Amendment challenge to the subsequent search. See id. ("A warrantless search of abandoned property does not implicate the Fourth Amendment, for any expectation of privacy in the item searched is forfeited upon its abandonment."). "The issue is not abandonment in the strict property right sense, but rather, whether the defendant in leaving the property has relinquished [his] reasonable expectation of privacy . . . . " Id. (internal quotation marks omitted). A finding of abandonment depends on the totality of the circumstances, with "two important factors [being] denial of ownership and physical relinquishment of the property." Id. (internal quotation marks omitted). Courts consider only "the objective facts available to the investigating officers, not . . . the owner's subjective intent." United States v. Nowak, 825 F.3d 946, 948 (8th Cir. 2016) (per curiam) (internal quotation marks omitted).

Here, the district court found that Crumble abandoned the cell phone. We review this factual finding for clear error, "affirm[ing] the district court's abandonment finding unless its decision is 'unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or, in light of the entire record, we are left with a firm and definite conviction that a mistake has been made.'" United States v. Ruiz, 935 F.2d 982, 984 (8th Cir. 1991) (quoting United States v. Meirovitz, 918 F.2d 1376, 1379 (8th Cir. 1990)).

Based on the totality of the circumstances, we cannot say that the district court clearly erred in finding Crumble abandoned the cell phone in the Buick. After the crash, Crumble fled the scene, leaving the Buick wrecked on a stranger's lawn. The Buick's key was in the ignition and its back window was shot out—allowing for easy access to the vehicle and its contents—which included a gun on the floorboard and the cell phone on the driver's seat. Crumble claims he was not fleeing from police, but rather attempting to get away from the shooter in the other vehicle. Abandonment, however, does not turn on Crumble's subjective intent, but rather "the objective facts available to the investigating officers." Nowak, 825 F.3d at 948

(internal quotation marks omitted). Based on these objective facts, the district court did not clearly err in concluding Crumble had abandoned the vehicle and its contents, including the cell phone. See United States v. Taylor, 462 F.3d 1023, 1025-26 (8th Cir. 2006) (finding defendant abandoned cell phone when he dropped it on street while fleeing vehicle); see also United States v. Smith, 648 F.3d 654, 660 (8th Cir. 2011) (finding defendant abandoned vehicle and contents when he fled, leaving door open, key in ignition, and motor running); United States v. Tate, 821 F.2d 1328, 1330 (8th Cir. 1987) (finding defendant abandoned vehicle and contents when he fled, leaving vehicle unoccupied and unlocked).

Moreover, Crumble initially denied any knowledge of the wrecked Buick, evincing his intent to abandon the vehicle and its contents. See United States v. Nordling, 804 F.2d 1466, 1470 (8th Cir. 1986) (finding defendant's "denials objectively demonstrate an intent to abandon the property"). Only the following day—after police had already seized the cell phone—did Crumble admit to having been in the Buick. This admission did not constitute a reassertion of a privacy interest in the abandoned cell phone. See id.

Crumble urges this Court to categorically deny application of the abandonment doctrine to cell phones. We decline to do so. Crumble points to Riley v. California, where the Supreme Court held that the search incident to arrest exception does not apply to cell phone searches, in part because cell phones hold "the privacies of life." 134 S. Ct. 2473, 2494-95 (2014) (internal quotation marks omitted). However, Riley's holding is limited to cell phones seized incident to arrest. Id. at 2495. Riley was explicit that "other case-specific exceptions may still justify a warrantless search of a particular phone." Id. at 2494. Other courts have found abandonment to be one such exception. See, e.g., United States v. Quashie, 162 F. Supp. 3d 135, 141-42 (E.D.N.Y. 2016) (finding Riley does not eliminate abandonment exception for cell phones).

We conclude the district court did not clearly err in finding abandonment and denying Crumble's motion to suppress. Because we affirm the district court's holding based on abandonment, we need not consider whether the warrant was valid. Cf. Tugwell, 125 F.3d at 602 ("warrantless search of abandoned property does not implicate the Fourth Amendment").

II.

We next turn to Crumble's sentencing challenge. The district court sentenced Crumble to the ACCA mandatory minimum of 15 years imprisonment. The ACCA applies when a defendant convicted under 18 U.S.C. § 922(g) has three prior convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). As noted earlier, Crumble's prior felony convictions include a Minnesota conviction for second-degree assault, a Minnesota conviction for second-degree burglary, and two Minnesota convictions for third-degree burglary. Crumble argues his burglary convictions do not qualify as violent felonies under the ACCA, and the government agrees. We review whether a prior conviction qualifies as a violent felony de novo. United States v. Shockley, 816 F.3d 1058, 1062 (8th Cir. 2016).

The ACCA's definition of "violent felony" includes burglary. 18 U.S.C. § 924(e)(2)(B)(ii). To determine whether a state burglary conviction qualifies as burglary under the ACCA, we must first determine whether to apply the categorical approach (used when an indivisible statute lists alternative means of committing a single crime) or the modified categorical approach (used when a divisible statute lists alternative elements to define multiple crimes). See Mathis v. United States, 136 S. Ct. 2243, 2248-49 (2016). Under the categorical approach, a state burglary conviction qualifies only if its statute's elements are the same as, or narrower than, those of generic burglary, which is an "'unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" Descamps v.

<u>United States</u>, 133 S. Ct. 2276, 2283 (2013) (quoting <u>Taylor v. United States</u>, 495 U.S. 575, 599 (1990)).

Minnesota's third-degree burglary statute provides that:

> Whoever enters a building without consent and with intent to steal or commit any felony or gross misdemeanor while in the building, or enters a building without consent and steals or commits a felony or gross misdemeanor while in the building . . . commits burglary in the third degree . . . .

Minn. Stat. § 609.582, subdiv. 3. In determining whether Minnesota third-degree burglary qualifies as a violent felony under the ACCA, this Court's decision in <u>United States v. McArthur</u>, 850 F.3d 925 (8th Cir. 2017) is controlling. There, this Court found Minnesota's third-degree burglary statute to be indivisible and applied the categorical approach. <u>Id.</u> at 938. While the first alternative means in the Minnesota statute (entering with intent to commit a crime) qualifies as generic burglary, the second alternative means (unlawful entry followed by the commission of a crime) does not. <u>Id.</u> at 938-40. That is because the second alternative means "does not require that the defendant have formed the 'intent to commit a crime' at the time of the nonconsensual entry or remaining in," as is required by the definition of generic burglary in <u>Taylor</u>. <u>Id.</u> at 940. Thus, Minnesota third-degree burglary "is broader than generic burglary" and does not qualify as a predicate conviction under the ACCA. <u>Id.</u>

Minnesota's second-degree burglary statute provides that:

> Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building . . . commits burglary in the second degree . . . .

Minn. Stat. § 609.582, subdiv. 2(a). Both parties agree that because this statute includes the same overbroad second alternative means as Minnesota's third-degree burglary statute (unlawful entry followed by the commission of a crime), Minnesota second-degree burglary does not qualify as a violent felony under the ACCA. Indeed, this Court's analysis of Minnesota's third-degree burglary statute in McArthur applies with equal force to Minnesota's second-degree burglary statute. The statute is indivisible, so we apply the categorical approach. See McArthur, 850 F.3d at 938 (citing State v. Gonzales, No. A15-0975, 2016 WL 3222795, at *2-3 (Minn. Ct. App. June 13, 2016)). Because a conviction under the second alternative means of the statute "does not require that the defendant have formed the 'intent to commit a crime' at the time of the nonconsensual entry or remaining in," Minnesota second-degree burglary "is broader than generic burglary" and does not qualify as a predicate conviction under the ACCA. See id. at 940.

Because Crumble's Minnesota burglary convictions do not qualify as violent felonies, Crumble has no more than one predicate conviction. The ACCA mandatory minimum, therefore, does not apply. We vacate his sentence and remand to the district court for resentencing.

III.

For the foregoing reasons, we affirm the district court's denial of Crumble's motion to suppress and remand for resentencing in accordance with this opinion.

_____