# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4094

_____

United States of America

*Plaintiff - Appellee*

v.

Gary Allen Kachina

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 15, 2018
Filed: March 22, 2018
[Unpublished]

_____

Before BENTON, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Gary Allen Kachina was convicted of a being a felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to 220 months in prison. On appeal, Kachina challenges the district court's finding that his prior Minnesota burglary convictions constituted violent felonies for purposes of the ACCA, and the

government agrees that under intervening case law, resentencing is warranted. *See United States v. McArthur*, 850 F.3d 925 (8th Cir. 2017). Kachina also challenges his conviction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms in part, reverses in part, and remands for further proceedings.

Following review of the record and Kachina's arguments on appeal, this court affirms Kachina's felon-in-possession conviction and concludes (1) Kachina failed to establish a violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) the district court did not abuse its discretion in determining that Kachina was competent to stand trial; (3) there was no abuse of discretion in the denial of a self-defense instruction in favor of a necessity instruction; (4) there was no abuse of discretion in the denial of Kachina's recusal motion; (5) Kachina did not request to proceed pro se at trial; and (6) he has not shown he is missing any trial material to which he is entitled.

This court agrees with the parties that Kachina's sentence should be vacated. After Kachina was sentenced, this court held that a Minnesota burglary conviction premised on a statute not requiring the defendant to have formed the intent to commit a crime at the time of his unlawful entry or remaining in a building does not qualify as a violent felony for purposes of ACCA sentencing. *See McArthur*, 850 F.3d at 937-40*; United States v. Crumble*, 878 F.3d 656, 660-61 (8th Cir. 2018).

This court affirms Kachina's conviction, but vacates his sentence and remands for further proceedings.

_____